■ In the Matter of ERVIN B., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), dated January 7, 1991, which, upon a fact-finding order of the same court, dated December 18, 1990, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, and was guilty of unlawful possession of a weapon by a person under 16 years of age, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth, Title III, for a period of 3 to 18 months. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On the evening of November 24, 1990, Housing Police Officer Donald Young was on duty at the 76th precinct in

Brooklyn when he heard the sound of gunshots being fired. Leaving the precinct to investigate, Young observed the appellant running toward him with a gun in his hand. The officer pursued the appellant, but lost sight of him when he fled inside an apartment building located at 24 Monument Walk. Young provided a description of the appellant to Officer David Wildner and his partner, who then proceeded to the second floor of the building to investigate reports that the gunman was in apartment 2F. Inside the apartment building, the officers observed the appellant descending the stairs in the vicinity of the second floor. Recognizing the appellant from a prior arrest, the officers called him over, and asked him what he was doing, and where he was going. Officer Wildner also asked the appellant whether he had seen the shooting outside. The appellant replied that he had been visiting a friend's apartment, and that he had not witnessed the shooting. At this point, Officer Young arrived on the scene, and identified the appellant as the youth he had observed in possession of a gun.

On appeal, the appellant contends that the Family Court erred in refusing to suppress Officer Young's identification testimony, because the identification was the product of an illegal seizure. We disagree. Here, the officers possessed information that there was a youth with a gun on the second floor of 24 Monument Walk. This information gave rise to an objective credible reason, not necessarily indicative of criminality, for approaching the appellant as he descended the stairs in the vicinity of the second floor of the subject building (see, People v Hollman, 79 NY2d 181, 193). The officers then asked the appellant what he was doing and where he was going. These questions are consistent with a request for information, and were permissible under the circumstances (see, People v Hollman, supra, at 193). Officer Wildner further asked the appellant whether he had seen the shooting outside. While this question was clearly more directed toward possible criminality than the earlier inquiries, since the officers were investigating a shooting, we find that this question was also part of a legitimate request for information (see, People v Hollman, supra, at 193).

Moreover, contrary to the appellant's contention, he was not seized within the meaning of the Fourth Amendment prior to his actual arrest (see, People v De Bour, 40 NY2d 210, 216; People v Cantor, 36 NY2d 106, 111). The encounter between the appellant and the officers was brief and devoid of harassment or intimidation (see, People v De Bour, supra). The

officers were in plainclothes, and they never drew their guns or restrained the appellant in any manner. Consequently, the appellant's Fourth Amendment rights were not abridged. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.